829 F.2d 34
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen A. Barnhill, Plaintiff-Appellant,
v.
Aratex Services, Inc., Defendant-Appellee.
 No. 87-3005
 United States Court of Appeals, Fourth Circuit.
 Argued July 1, 1987.
Decided August 28, 1987.
 
 James Rutledge Henderson, IV (Mullins, Henderson & De Courcy, on brief), for appellant.
 Edward G. Stout for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Glen A. Barnhill brought this action in U.S. District Court for the Western District of Virginia alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. Barnhill worked for appellee Aratex Services, Inc. (Aratex) from 1971 to February 17, 1983, when he was discharged during a reduction in force. At the time of his discharge, Barnhill, who was 56 years old, worked in Aratex's maintenance department with several other workers. Barnhill's supervisor was 56 years old; his two day-shift co-workers in the maintenance department were both age 36; two additional Aratex employees classified as maintenance workers were age 53 and 59. Barnhill was the only maintenance department worker discharged during the reduction in force and, apparently, has not been replaced.
 
 
 2
 At the close of Barnhill's evidence, the district court at this bench trial directed a verdict on Aratex's motion and offered the following implicit fact findings in its bench opinion:
 
 
 3
 1. Barnhill was over age 40 and in the protected age group.
 
 
 4
 2. Barnhill was discharged.
 
 
 5
 3. Barnhill was qualified to perform his assignments in the maintenance department.
 
 
 6
 4. Approximately 60% of the Aratex work force was over 40 years of age at the time of the reduction in force.
 
 
 7
 5. Approximately 30% of the Aratex workers discharged during the reduction in force were over 40 years of age.
 
 
 8
 6. In the Aratex maintenance department, two workers over age 40 and two workers under age 40 were retained following the reduction in force (i.e., the district judge did not consider Barnhill's supervisor a 'co-worker').
 
 
 9
 7. Barnhill was not a 'helper' in the maintenance department and thus fit into the same job category as his other co-workers.
 
 
 10
 8. Barnhill was neither a welder nor an electrician.
 
 
 11
 9. The two maintenance workers under age 40 who were retained were welders and could perform electrical repairs.
 
 
 12
 10. The retained other worker who, like Barnhill, did only routine maintenance work, was over age 40.
 
 
 13
 The district court, after summarizing these findings, directed a verdict for Aratex because Barnhill had not 'made out a prima facie case of age discrimination.' Barnhill appeals, insisting that the district court misunderstood the requirements for a prima facie case of age discrimination in the setting of a reduction in force. We affirm the district court.
 
 
 14
 In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court identified four prongs for a prima facie discrimination claim where the plaintiff alleged a discriminatory refusal to hire:
 
 
 15
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 
 
 16
 Id. at 802. As the Court noted, '[t]he facts will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.' Id. at 802 n.13.
 
 
 17
 One of the most obvious adjustments required when the McDonnell-Douglas prima facie 'specification' is adapted to other settings involves the fourth prong. Relying on EEOC v. Western Electric Co., 713 F.2d 1011 (4th Cir. 1983), Barnhill argues that in a reduction-in-force discharge case, an ADEA plaintiff will state a prima facie case if he shows, in addition to the first three McDonnell-Douglas prongs, either that 'persons outside the protected age class were retained in the same positions' or by producing some other evidence that the employer did not treat age neutrally. Id. at 1015. He further argues that he established each of the four prongs as so articulated, so that the trial judge erred in directing a verdict for Aratex.
 
 
 18
 The trial judge recognized and discussed Western Electric in his bench opinion, and even quoted the passage relied on by Barnhill. Nevertheless, the district court concluded that evidence that 'persons outside the protected class were retained' established a fourth prong only if it was also evidence of a kind that gave rise to an inference that the employer did not treat age neutrally. Here, the district court concluded that the mere fact that two workers under age 40 were retained in Aratex's maintenance department could not establish the fourth prong since older workers were also retained, the retained younger workers had special skills Barnhill lacked, and most of Aratex's overall reductions came from younger employees.
 
 
 19
 Barnhill can muster a strong argument that Western Electric in terms permits the Title VII plaintiff to establish the fourth McDonnell-Douglas prong by merely showing that workers not in the protected class were retained during a reduction in force. Even if Western Electric is so read, however, such a reading of the prima facie requirements is inconsistent with this Circuit's subsequent en banc opinion in Holmes v. Bevilacqua, 794 F.2d 142 (4th Cir. 1986) (en banc). There the court declared that a 'failure to promote' claim alleging racial discrimination must be supported by 'some evidence that race was a determining factor in the employer's decision.' Id. at 147. As the court explained, the fourth prong is crucial to the McDonnell-Douglas scheme because it 'requires proof that points toward illegal discrimination.' Id. Since in Holmes an employee outside the protected class was promoted to the position sought by the plaintiff, and yet the court found no prima facie case, the court necessarily decided that the naked fact that one not in the protected class receives the benefit sought by the protected plaintiff, or is spared the hardship the plaintiff hoped to avoid, cannot be sufficient to satisfy the purposes of the fourth McDonnell-Douglas prong. This reasoning applies with full force in this case, since with or without any discriminatory motive by the employer a large reduction in force is likely to spare some workers who are not in the protected class.
 
 
 20
 The district court explained its decision in terms of Williams v. General Motors Corp., 656 F.2d 120 (5th Cir. 1981), where the court refused to find a prima facie case of age discrimination from a reduction in force discharge without some evidence, circumstantial or direct, from which the finder of fact could conclude that the employer 'has not treated age neutrally, but has instead discriminated based upon it.' Id. at 130. Other courts have devised similar adaptations of the McDonnell-Douglas proof scheme to analyze ADEA reduction-in-force claims. See, qenerally, Thompson, Hauserman and Jordan, Age Discrimination in Reduction-in-Force: The Metamorphosis of McDonnell Douglas Continues, 8 Indus. Rel. L.J. 46 (1986).
 
 
 21
 This appeal does not require us to endorse any particular modification of McDonnell Douglas, or identify the kinds of evidence that might satisfy the fourth prong with this type of claim. It is enough that the district court correctly perceived that Barnhill failed to offer any evidence that would permit a finder of fact to infer that Aratex discriminated against him on the basis of his age.
 
 
 22
 AFFIRMED.